**GARY JOHN DMOCH & ASSOCIATES**
**Gary J. Dmoch (GD9667)**
**171-22 Northern Boulevard**
**Flushing, NY 11358**
**Telephone: 718-939-4444**
**Facsimile:  718-445-2520**

**Attorneys for Defendant**
**TYLMAN R. MOON & ASSOCIATES, P.A.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TIMOTHY C. DURAN.**<br><br>                        **Plaintiff,**<br><br>    **-against -**<br><br>**J.C. REFINISHING CONTRACTING CORP.**<br>**TYLMAN R. MOON & ASSOCIATES, P.A.**<br>**and HARVEY ELECTRONICS, INC. d/b/a**<br>**HARVEY HOME ELECTRONICS.**<br><br>                    **Defendants.** | **CASE NO. 07 CV 11584**<br><br><br><br>**ANSWER AND JURY DEMAND** |

The Defendant, **TYLMAN R. MOON & ASSOCIATES, P.A.**, by counsel, for its answer to Plaintiff's complaint, states as follows:

**JURISDICTION AND VENUE**

1.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "1" and "2" of the complaint.

**NATURE OF THE CASE**

2.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "3" and "4" of the complaint.

## THE PARTIES

3.       Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "5", "6", "7" and "9" of the complaint.

4.       Defendant admits the allegation set forth in paragraph numbered "8" of the complaint.

## STATEMENT OF FACTS

### Allegations Concerning Defendants JCRC and Harvey

5.       Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "30", "31", "32", "33", "34" "35", "36" and "37" of the complaint.

6.       Defendant denies the allegations set forth in paragraph numbered "29" of the complaint.

### Allegations Concerning Defendant Moon

7.       Defendant denies the allegations set forth in paragraphs numbered "38", "39", "40", "41", "42", "43" and "44" of the complaint.

## FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT FOR FAILURE TO COMPLETE PERFORMANCE UNDER THE CONTRACT PERIOD– JCRC)

8.       Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "46", "47", "48", "49", "50", "51", "52" and "53" of the complaint.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT FOR FAILURE TO COMPLETE PERFORMANCE UNDER THE CONTRACT PERIOD– JCRC)

9.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "55", "56", "57", "58", "59", "60", "61", "62", "63" and "64" of the complaint.

## THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT FOR FAILURE TO CONFORM PERFORMANCE TO CONSTRUCTION DOCUMENTS– JCRC)

10.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "66", "67", "68", "69", "70" and "71" of the complaint.

## FOURTH CAUSE OF ACTION

### (BREACH OF CONTRACT AND/OR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

11.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "73", "74", "75" and "76" of the complaint.

## FIFTH CAUSE OF ACTION

### (BREACH OF CONTRACT– HARVEY)

12.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered "78", "79", "80", "81", "82" and "83" of the complaint.

## SIXTH CAUSE OF ACTION

### (BREACH OF CONTRACT– MOON)

13.    Defendant denies the allegations set forth in paragraphs numbered "85", "86", "87", "88", "89", "90", "91" and "92" of the complaint.

## SEVENTH CAUSE OF ACTION

### (PROFESSIONAL MALPRACTICE – MOON)

14.    Defendant denies the allegations set forth in paragraphs numbered "94", "95", "96", "97", "98", "99", "100", "101" and "102" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.    Any loss and/or damages sustained by Plaintiff tiff as alleged in the Complaint herein were caused in whole or in part by the culpable conduct of said Plaintiff and not as a result of any culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16.    The allegations complained of by plaintiff resulted from circumstances or conditions beyond the control of this Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17.    Plaintiff created the circumstances in which the damages alleged by Plaintiff were sustained.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18.    Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the loss and/or damages alleged in the Complaint herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19.    Plaintiff is barred from recovering from this Defendant in that any negligence, breaches and/or damages which may have occurred, which is specifically denied, was as the result of actions of third parties over whom the answering Defendant had no control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.    The Plaintiff's Complaint as presently constituted fails to state a cause of action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.    That the plaintiff has failed to establish grounds upon which this Court can exercise jurisdiction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22.    This action is barred by the statute of limitations and/or laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23.    The complaint fails to state facts sufficient to constitute a cause of action against this Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24.    Plaintiff's complaint is barred by the doctrine of unclean hands and estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25.    With respect to all causes of actions contained in the Complaint, plaintiff has failed to state a claim upon which relief may be granted.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26.    That this answering defendant was, at all times, properly licensed.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27.    That, at all times, the answering Defendant fully and faithfully complied with the parties' contract.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

28.    That Plaintiff's causes of action against Defendant Moon are frivolous and should be dismissed.

## AS AND FOR A FIFEENTH AFFIRMATIVE DEFENSE

29.    The defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the plaintiffs' claims. These additional defenses cannot be articulated at this time due to the plaintiffs' failure to properly describe its claims with sufficient particularity in the complaint

## AS AND FOR A FIRST COUNTERCLAIM AGAINST THE PLAINTIFF

30.    That at all times hereinafter mentioned the Defendant, TYLMAN R. MOON & ASSOCIATES, P.A., was and still is a an unincorporated business entity with a principal place of business located in the State of New Jersey.

31.    That at all times hereinafter mentioned, the Plaintiff was and still is the owner of condominium located in the Essex House, 160 Central Park South, Suite 1501 and Suite 1537, New York, New York 10028

32.    That at all times hereinafter mentioned, and upon information and belief, the Plaintiff was and still is a resident of the State of California

33.    That on or about March 11, 2003, Plaintiff and Defendant entered into a contract, wherein Defendant agreed to provide plaintiff with their services that consisted primarily of the administration of a Construction Contract between the Plaintiff and Defendant, J.C. Refinishing Contracting Corp.

34.    That plaintiff agreed upon the terms of the contract and agreed to pay the defendant on an hourly basis for the services Defendant rendered.

35.    That the Defendant performed and completed the work set forth in said contract fully, faithfully and in a satisfactory manner.

36.    That Plaintiff has failed to pay the remaining balance of approximaely $12,000.00 to Defendant pursuant to the contract terms despite due demand by the defendant to the plaintiff.


## AS AND FOR A SECOND COUNTERCLAIM AGAINST THE PLAINTIFF


37.    Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs 31 to 36 as is more fully set forth herein.

38.    That the defendant performed services for plaintiff in good faith.

39.    That plaintiff accepted said services from defendant and has been unjustly enriched thereby.

40.    That the defendant has a reasonable expectation of payment for services rendered.

41.    That the reasonable balance of the value of services rendered is $12,000.00.

42.    That the plaintiff has failed to pay the balance of these services and the outstanding balance is $ 12,000.00

## AS AND FOR A THIRD COUNTERCLAIM AGAINST THE PLAINTIFF

43.     Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs 31 through 42 as if more fully set forth herein.

44.     That Defendant quoted written and periodic statements of account indicating a balance due that was accepted by Plaintiff without objection.

45.     That an account has been stated and Defendant should be entitled to recovery thereon.

## AS AND FOR A FOURTH COUNTERCLAIM AGAINST THE PlAINTIFF

46.     Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs 31 through 45 as if more fully set forth herein.

47.     That Plaintiff's causes of action against Defendant Moon are frivolous and in bad faith.

48.     That as a result of Plaintiff's actions, Defendant Moon has sustained substantial damages, including but not limited to, costs, disbursements and legal fees incurred in defending this action.

**WHEREFORE**, Defendant having appeared and fully answered the Plaintiff's complaint, prays that Plaintiff's complaint be dismissed and that Plaintiff take nothing thereby; prays for judgment against the Plaintiff in an amount to be proven at trial, court costs, reasonable attorneys' fees and such other and further relief as the Court shall deem just and proper.

## <u>DEMAND FOR A JURY</u>

The Defendant hereby demands a trial by jury.


Date:   Flushing, New York
        February 08, 2008




              Yours, etc.,

              **GARY JOHN DMOCH & ASSOCIATES**


              By: ___s/_____
                  Gary J. Dmoch, (GD 9667)
                  171-22 Northern Boulevard
                  Flushing, NY 11358
                  Telephone: 718-939-4444
                  Facsimile:  718-445-2520
                  Attorneys for Defendant Moon & Assoc., P.A.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Answer and Jury Demand has this 8th day of February, 2008 been sent via first class mail, postage prepaid, to Plaintiff, Timothy C. Duran at 330 Commercial Street, San Jose, California 95112 and to counsel for Defendants J.C. Refinishing Contracting Corp., Kevin J. Kiley, Esq., at the Law Offices of Kiley, Kiley & Kiley, PLLC, 107 Northern Boulevard, Suite 304, Great Neck, New York 1102

This 8th day of February, 2008.

s/_____
Pantelis Skulikidis