# Timothy C. Duran

**MEMO ENDORSED**

P.O. Box 1237 — San Jose, CA. 95108

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/08

May 7, 2008

By Fax Only

Hon. Colleen McMahon
United States District Court
500 Pearl
New York, NY 10007

Re: 07 Civ 11584 (CM)
Duran v. J. C. Refinishing et al
Response to Kiley letter to this Court

Dear Judge McMahon:

Mr. Kevin Kiley, representing defendant JCRC, has clearly structured his letter with two goals: first to prejudice you against both my case and me personally; secondly, to state untruths as a groundwork to try to change discovery rules to be more favorable to the defendants in this case. As to the first, I will not insult you by defending against what is so obvious. As to the discovery issues, they are serious and still need to be addressed by this court.

I will try to be short in hanging out the dirty laundry in discovery in this case.

During the February 29th Case Management Conference, I explained to each attorney, Mr. Dmoch and Mr. Kiley, that this was a complicated case with thousands of pages of documents covering nearly ten years and that I would like a mutual waiver of the seven hour rule. Both attorneys objected; Mr. Kiley vigorously. We agreed to the order of depositions, that my deposition was to be taken at Mr. Dmoch's office, that I would be responsible for sending in the Case Management form to you. When I received the signed form from the defendants, I wrote Paragraph 13 on the form, sent it to this Court, with copies back to defendants and never heard a complaint since until today.

In my two Motions to Compel in front of this court, you will find exhibits. These are letters from me to the defendants asking for action, asking for documents. You will find no correspondence from the defendants as exhibits in these motions because there were none. Defendants have deliberately acted in bad faith from the beginning of this case when I asked for a mutual waiver, when I asked for documents, when I asked for a copy of their privilege log (?) and when I offered to keep any documents being held back as trade secrets and the like be protected in strict confidence. The response I received in all instances was no response! Item 6 on Page 8 of Plaintiff's First Request for the Production of Documents (Exhibit B to Motion to Compel, JCRC) reads, in part "All...documents...between Defendant...and any vendors, suppliers...who provided material and/or labor...." I am alleging that JCRC did not

---

Handwritten endorsement (right margin):

5/9/08 There will not only be no waiver of the 7 hour, I specifically FORBID the Magistrate from granting one. All discovery in this case will be completed by August 31, 2008. I intend to move this case to trial quickly. There will be no delays. I have referred you to the Magistrate Judge for discovery issues.

meet its time obligations under the contract. One way to show this is the date defendant JCRC ordered materials for this job from sub-contractors. Another way is to show the date the work was paid for by defendant. Mr. Kiley refuses to let me see these documents. Similarly, I am alleging that JCRC installed materials not according to specifications. I am asking for copies of the invoices outlining the materials purchased by JCRC. Again, Mr. Kiley refuses to let me see these documents on the ground that they constitute confidential information. Your Honor, this is simply bad faith and nothing but.

Last week, May 1st, my deposition was taken in Mr. Kiley's office. Mr. Kiley was clearly unprepared. The Court might take with interest that Mr. Kiley <u>never made a document request</u> of me when considering his motives in writing his letter to you of which this is a response. Similarly, I only received Mr. Dmoch's document request the other day with his client's deposition scheduled for June 4. As to Mr. Dmoch, it's perplexing to me that he used as an excuse to not provide documents the fact that I used the word "all." To Mr Dmoch this is confusing and burdensome, etc,. But in his demand to me, I see the word "all" used extensively. Do I get to pretend that it is confusing and burdensome to me?

My requests to the Court remains the same:

- Grant the Motions to Compel before you. (To the best of my knowledge, neither defendant has opposed these motions.) The documents I have requested go to establish money damages and whether or not defendant installed the materials specified in the contract.

- Allow me additional time to complete the depositions of JCRC. I am willing to agree to no more than two days for each principal provided they are forthright with their answers.

- Although it is my position that both defendants have had their chance to take my deposition on May 1st. If the court believes that defendant Moon will be damaged by such a ruling, I will agree to appear for my deposition on June 3 at Mr. Dmoch's office provided questioning is limited to the causes of action I laid out against defendant Moon only; that Mr. Kiley's office be limited to strictly observer status.

Respectfully submitted,

Timothy C. Duran
Pro Se

330 Commercial Street
San Jose, CA 95112

PH:  408-275-1555
FAX   -287-6075

c:  Gary Dmoch
    Kevin Kiley
    Pro Se office (by US Mail)