USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TIMOTHY C. DURAN,

                Plaintiff,

   - against -

J.C. REFINISHING CONTRACTING CORP.,
TYLMAN R. MOON & ASSOCIATES, P.A.,
and HARVEY HOME ELECTRONICS,

                Defendants.
------------------------------------x

07 Civ. 11584 (CM)(DFE)

This is not an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    Near the end of my telephone conference on May 9, 2008, plaintiff said that he keeps very good records, and that he has many drawers full of documents concerning the construction project at his condo in the Essex House.  Apparently most or all of these documents are in his office in San Jose, California.  He said he planned to respond to Defendants' Rule 34 Requests by producing all of these documents in the same order as they have been kept in the usual course of his business.  He also said he was planning to send them to an outside copying service, with the copying to be paid by the Defendants.  I said:  "Fine, unless the Defendants write to you that, for starters, they want only narrower categories of documents."

    On May 23, 2008, plaintiff faxed me two letters dated May 22 and 23.  He says:

> Mr. Dmoch never took up your suggestion [to ask for narrower categories of documents]. ...
> For most of this week [May 19-22] I have accumulated all the documents requested, which constitute thousands of pages of documents and blue prints, ....
> Now Mr. Dmoch says that he is not going to copy any of these documents, instead demanding that I bring them to my deposition [in New York City on June 3] at my cost and expense.

Mr. Dmoch responded with a May 23 fax to me saying:

-1-

USDC SDNY
DATE SCANNED 5/29/08

> A Notice to take Deposition was served on Mr. Duran with a request that he produce [at his deposition] documents upon which he will rely in support of his claims against our client ....
>
> Mr. Duran is apparently confusing our Notice to take Deposition with our first Request for Discovery and Inspection. With respect to that request [apparently meaning the Rule 34 Request] we asked that documents be produced be produced within the jurisdiction of this Court, at Mr. Duran's residence [apparently meaning the condo in the Essex House] or another location within the jurisdiction.
>
> We would like to have an opportunity to inspect the documents to determine which are pertinent and germane and whether these documents, if any, have to be copied.

In my view, it seems likely that Mr. Duran is relying on most or all of his thousands of pages of documents and blueprints to support his claims. Since Mr. Dmoch chose not to ask for initial production of a narrower version of his Rule 34 Request, I will not require Mr. Duran to create a smaller subset in response to the document request incorporated in the Notice of Deposition. It seems clear that Mr. Duran has kept the documents in California (his primary residence) as part of the usual course of his business. I sympathize with Mr. Dmoch's desire not to pay for copying all the documents sight unseen, and I certainly sympathize with his desire not to fly to California to inspect documents and decide which ones to copy. But I hereby rule that the only other alternative is for Mr. Dmoch's client to pay for the cost of transporting the documents from California to New York. Unless the parties work out some other arrangement, Mr. Dmoch must arrange, at his client's expense, for a delivery company to pick up the documents from Mr. Duran and to deliver them to Mr. Dmoch's office. Mr. Dmoch's law firm may inspect the documents, and may copy some or all of them at the firm or at an outside copying service. Mr. Dmoch's law firm must exercise maximum good-faith efforts to insure that each document is put back in the exact same order; if this is not accomplished, then Mr. Duran may seek sanctions. Mr. Dmoch's client and/or his law firm must arrange to have the documents covered with insurance coverage of at least $20,000 at all times until they are delivered back to Mr. Duran (at a location chosen by Mr. Duran).

                               *[signature]*
                               _____
                               DOUGLAS F. EATON
                               United States Magistrate Judge
                               500 Pearl Street, Room 1360
                               New York, New York 10007
                               Telephone: 212-805-6175
                               Fax:  212-805-6181fax

Dated:    New York, New York
          May 26, 2008

Copies of this Memorandum and Order are being sent to:

Timothy C. Duran at 408-287-6075fax
Kevin J. Kiley, Esq. at 516-466-7903fax
Gary J. Dmoch, Esq. at 718-445-2520fax
Hon. Colleen McMahon