UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

TIMOTHY DURAN,

        Plaintiff,

-against-

J.C. REFINISHING CONTRACTING CORP.,
TYLMAN R. MOON & ASOCIATES, P.A.,
HARVEY ELECTRONICS, INC. d/b/a
HARVEY HOME ELECTRONICS,

        Defendants.

―――――――――――――――――――――X

J.C. REFINISHING CONTRACTING CORP.,
and TYLMAN R. MOON & ASSOCIATES P.A.,

        Counterclaim Plaintiffs,

-against

TIMOTHY C. DURAN,

        Counterclaim Defendant.

―――――――――――――――――――――X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

07 Civ. 11584 (CM)(DFE)

ORDER

McMahon, J.:

    The claim and counterclaim as between Pro Se plaintiff Duran and defendant-Counterclaim plaintiff J.C. Refinishing Contracting Corp. were ostensibly settled. There appear to have been problems finalizing the written settlement agreement. As a result the settlement was not consummated.

    When advised that the case had been settled the court entered a "30 day order," which dismissed the case as against J.C Refinishing (but not against the other defendant, Moon) and provided in substance that, if the settlement is not consummated within 30 days, either party could ask the court to restore the case to the calendar. Neither party did so within 30 days (i.e., by June

Copies mailed/faxed/handed to counsel on 7/28/08

29). On July 19, however, plaintiff moved to restore the case to the calendar.

ONLY because plaintiff is proceeding pro se, and because his affidavit requesting reinstatement indicates that he did not understand the import of the court's order, I will grant the motion and restore the case to the calendar. (I am confused by the letter of July 25 from Kiley, Kiley and Kiley, defendant's counsel, since I have not entered any order in this case; the docket entry referred to that was "entered" on July 24 was the docket entry for the filing of the moving papers. Furthermore, this is not an ECF case).

I, too, hope that plaintiff will honor the settlement he reached with J.C. Refinishing.

I do not understant why counsel for defendant Moon did not take plaintiff's deposition when he came to New York. I never discontinued the case as against defendant Moon. I was never asked to discontinue the case as to Moon. I will not require plaintiff to come to New York a second time. If Mr. Dmoch wants to take his deposition, Mr. Dmoch will have to go to California to do it.

Mr. Duran MUST mail copies of this order to both Mr. Kiley and Mr. Dmoch.

All discovery in this case must be completed by September 30, 2008, regardless of any prior orders.

Dated: July 28, 2008

_____
U.S.D.J.

~~By fax TO ALL COUNSEL~~

BY FAX TO ALL COUNSEL