USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TIMOTHY C. DURAN,
                                          07 Civ. 11584 (CM)(DFE)
                    Plaintiff,
                                          This is not an ECF case
      - against -

J.C. REFINISHING CONTRACTING CORP.,       MEMORANDUM AND ORDER
TYLMAN R. MOON & ASSOCIATES, P.A.,
and HARVEY HOME ELECTRONICS,

                    Defendants.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    On April 3, 2009, I held a settlement conference for almost four hours. The parties are unable to reach any settlement. Accordingly, I turn to my last assignment in this case.

    Almost a year ago, on May 12, 2008, Mr. Kiley sent his law firm's bill to plaintiff for the production of documents:

|  |  |
|---|---|
| Duplication of documents<br>1,965 pages @ .75/page | $1,473.75 |
| Duplication of blueprints<br>55 @ 5.91/page | $  325.05 |
| TOTAL | $1,798.80 |

By letter dated March 11, 2009, plaintiff wrote to Judge McMahon: "As to paying Mr. Kiley for copying, Mr. Kiley is very much aware of my objections to his bill. All he has to do is itemize what he sent to me and the bill will be paid. My count of unique documents received from Mr. Kelly is nearly half of what he claims to have sent to me. Mr. Kiley refuses to provide me with any sort of document schedule or list of what he claims was sent to me or a warranty that 75 [cents] per page is the standard rate for copying, which is far higher than Mr. Dmoch's 25 [cents] per page." Judge McMahon referred this to me for a ruling.

    Plaintiff's suggestion that he should only pay for "unique" documents is refuted by the following passage in Mr. Kiley's letter to me dated April 7, 2009: "One of Mr. Duran's reasons for refusing to pay is his claim that I sent him duplicates of some

USDC SDNY
DATE SCANNED 4/8/09

documents.  I have tried to explain to him that JCRC had multiple copies of several documents, but that some had handwritten notations or other subtle differences.  In complying with his request, I was not permitted to withhold these so called 'duplicates.'"  I hereby rule that Mr. Kiley has adequately "itemize[d] what he sent" to plaintiff.

Mr. Kiley's letter also explains that his firm paid $325.05 to Kinko's for duplicating the 55 blueprints, and that the 1,965 paper pages were duplicated by his staff on his firm's copier.  The portion for the blueprints is clearly reasonable.  As for 75 cents per paper page, Mr. Kiley "arrived at this figure using NY Public Health Law §17 and 18."  Section 18(2)(e), which deals with requests for medical records, says "the reasonable charge for paper copies shall not exceed seventy-five cents per page."  However, that statute is not directly on point here.  I find that 25 cents per page is closer to the average rate charged by New York law firms, and will adequately reimburse Mr. Kiley's firm for the time his staff spent duplicating the paper pages.  See *Dang v. Cross*, 2003 WL 21530137, *7 (C.D. Cal. July 1, 2003) (awarding 25 cents per page), *vacated on other grounds*, 422 F.3d 800 (9th Cir. 2007).  Hence, $.25 x 1,965 = $491.25, which should be added to the $325.05 for a total of $816.30.

**I direct plaintiff to pay $816.30 to "Kiley, Kiley & Kiley, PLLC" by April 15, 2009.**

                                          */s/ Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone:  212-805-6175
Fax:   212-805-6181fax

Dated:   New York, New York
         April 7, 2009

Copies of this Memorandum and Order will be sent by fax to:

Timothy C. Duran at 408-287-6075fax
Kevin J. Kiley, Esq. at 516-466-7903fax
Gary J. Dmoch, Esq. at 718-445-2520fax
Hon. Colleen McMahon