UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/09
```

TIMOTHY C. DURAN,

    Plaintiff Pro Se,

-against-                                     07 Civ. 11584 (CM)(DFE)

J.C. REFINISHING CONTRACTING CORP,
TYLMAN R. MOON & ASSOCIATES, P.A., and
HARVEY HOME ELECTRONICS,

    Defendants.

————————————————————————x

### DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE SETTLEMENT

McMahon, J.:

    On May 1, 2009, Mr. Duran, representing himself, and defendants, represented by counsel, appeared before the Court for a final pre-trial conference. After the conference concluded, Mr. Duran and defendants remained in the courthouse to discuss settlement. After an hour and a half of discussion, the parties agreed upon a settlement and asked the Court if they would be permitted to put the terms of the settlement on the record. A court stenographer was summoned and the terms of the settlement were memorialized on the record in open court.

    Mr. Duran now moves to set aside that settlement. He contends that the Court should vacate the settlement because (1) he only agreed to settle the case because of the "court's highly biased attitude against [him] and its consistently prejudicial rulings," and (2) that he had no idea that he was "waiving his rights against the defendants for other causes of action he has pending."

    This is the second time during the pendency of this action that Mr. Duran has reneged on a settlement. On May 14, 2008, Duran settled with JCRC. The terms of the settlement were recorded by a stenographer after the deposition of one of the defendants. The terms of the settlement included *inter alia* that:

> Mr Duran and Mr. Kiley will execute a stipulation of discontinuance of the action against JC Refinishing Contracting Corp., with prejudice. . . . In addition, the parties will exchange general releases. General releases will be prepared by Mr. Kiley and Timothy Duran and will release JC Refinishing Contracting Corp., John Costello, John Stolz and John Neidermeyer.

(Costello deposition at 104-105). Three months later, Mr Duran wrote to the Court asking that the settlement be set aside because he was bullied into the agreement and did not understand that he was releasing individual defendants. Based solely on the fact that Mr. Duran was representing himself in this matter and that he may have been under some misunderstanding as to the scope of the settlement, the Court agreed to set aside the settlement and restore the action to the calendar.

Mr. Duran's chief argument in the present motion – similar to his main argument in his motion to set aside the May 2008 settlement – is that he only intended to release the individual defendants from the claims alleged in the instant action. That argument makes no sense, since the individuals Duran agreed to release as part of the settlement – John Costello, John Stolz, John Neidermeyer and Tylman Moon – are not parties to the instant action. Defendants clearly wanted to include these individuals as part of any settlement to avoid future piecemeal litigation by plaintiff. Indeed, the transcript makes clear that the settlement would preclude plaintiff from bringing any related actions: "Mr. Duran will execute General Releases on a standard Blumberg Form to all defendants and to the individuals John Costello, John Stolz, John Neidermeyer and Tylman Moon." (Transcript dated May 1, 2009 at 58-59).

Duran's suggestion that he did not understand the scope of the settlement is simply disingenuous. The release language used in the 2009 settlement is essentially the same as the release language used in the 2008 agreement that defendant claimed not to understand. Even if Mr. Duran did not understand the scope of the releases when he entered into the 2008 settlement, he clearly understood what the releases meant when he sought to have the 2008 settlement set aside. Any claim that he did not understand the meaning of the release terms during the May 2009 settlement conference is beyond belief.

Furthermore, Duran's claim that he was convinced that he would not be treated fairly by the court at trial and therefor agreed to settle the case is belied by his response to the Court's inquiry during the hearing on the settlement:

> The Court:  Sir you know a lot more about litigation than 99% of the pro se[s] and you know more about litigation than one lawyer I saw today I will tell you that. You understand, do you not, you don't have to do this, you have a right to go to trial, we will pick a jury, the jury will listen to the evidence, the jury will make a decision.
>
> Mr. Duran:  Yes, I making this of my own free will or what ever the legal phrase is, that I understand what I am doing, your honor.

(Transcript dated May 1, 2009 at 61-62). Neither the Court nor the defendants' attorneys pressured Mr. Duran into settling his case. Defendants offered Duran an amount to settle the case and he accepted. He has apparently changed his mind and is attempting to get out of the agreement by making the same argument that got him released from the 2008 settlement. Far from being an unsophisticated pro se plaintiff, it appears it is Duran who is attempting to game the system.

(Costello deposition at 104-105). Three months later, Mr Duran wrote to the Court asking that the settlement be set aside because he was bullied into the agreement and did not understand that he was releasing individual defendants. Based solely on the fact that Mr. Duran was representing himself in this matter and that he may have been under some misunderstanding as to the scope of the settlement, the Court agreed to set aside the settlement and restore the action to the calendar.

Mr. Duran's chief argument in the present motion – similar to his main argument in his motion to set aside the May 2008 settlement – is that he only intended to release the individual defendants from the claims alleged in the instant action. That argument makes no sense, since the <u>individuals</u> Duran agreed to release as part of the settlement – John Costello, John Stolz, John Neidermeyer and Tylman Moon – are not parties to the instant action. Defendants clearly wanted to include these individuals as part of any settlement to avoid future piecemeal litigation by plaintiff. Indeed, the transcript makes clear that the settlement would preclude plaintiff from bringing any related actions: "Mr. Duran will execute General Releases on a standard Blumberg Form to all defendants <u>and</u> to the individuals John Costello, John Stolz, John Neidermeyer and Tylman Moon." (Transcript dated May 1, 2009 at 58-59).

Duran's suggestion that he did not understand the scope of the settlement is simply disingenuous. The release language used in the 2009 settlement is essentially the same as the release language used in the 2008 agreement that defendant claimed not to understand. Even if Mr. Duran did not understand the scope of the releases when he entered into the 2008 settlement, he clearly understood what the releases meant when he sought to have the 2008 settlement set aside. Any claim that he did not understand the meaning of the release terms during the May 2009 settlement conference is beyond belief.

Furthermore, Duran's claim that he was convinced that he would not be treated fairly by the court at trial and therefor agreed to settle the case is belied by his response to the Court's inquiry during the hearing on the settlement:

> The Court:  Sir you know a lot more about litigation than 99% of the pro se[s] and you know more about litigation than one lawyer I saw today I will tell you that. You understand, do you not, you don't have to do this, you have a right to go to trial, we will pick a jury, the jury will listen to the evidence, the jury will make a decision.
>
> Mr. Duran:  Yes, I making this of my own free will or what ever the legal phrase is, that I understand what I am doing, your honor.

(Transcript dated May 1, 2009 at 61-62). Neither the Court nor the defendants' attorneys pressured Mr. Duran into settling his case. Defendants offered Duran an amount to settle the case and he accepted. He has apparently changed his mind and is attempting to get out of the agreement by making the same argument that got him released from the 2008 settlement. Far from being an unsophisticated pro se plaintiff, it appears it is Duran who is attempting to game the system.

A settlement reached on the record in open court is binding and enforceable. See Majority People's Fund for the 21st Century, Inc. v. Hohri, 159 F.3d 1347 (2d Cir. 1998). In determining whether the parties to an oral agreement intended to be bound by it in the absence of a fully executed, written agreement, the district court must consider the following four factors: (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether all of the terms of the alleged contract have been agreed upon; (3) whether there has been partial performance of the contract; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1986).

In the present case, the Winston factors augur in favor of enforcing the settlement. A review of the transcript from the settlement conference shows that no formal settlement agreement was contemplated. The parties specifically referred to the exchange of general releases, to be held in escrow by counsel, but there was no discussion of a final signed statement. All the terms of the settlement were placed on the record. When Mr. Duran questioned some of the terms of the settlement agreement, his questions were answered by the Court and counsel, and he expressly agreed to the answers provided. When defendants attempted to perform their part of the bargain by presenting plaintiff with the initial payment conditioned on the signing of releases, plaintiff refused to sign the releases. There is simply no basis for the Court not to enforce the settlement.

Plaintiff's motion to set aside the settlement is denied. Counsel for defendants are to submit a proposed settlement order conforming the terms of the May 1, 2009 settlement. The order should include language releasing the named defendants, as well as John Costello, John Stolz, John Neidermeyer and Tylman Moon. The Court will review the order to make sure it conforms with the transcript from the settlement conference. Once the Court signs the order, the matter will be deemed settled and plaintiff's complaint will be dismissed with prejudice.

This constitutes the decision and order of the Court.

Dated: September 29, 2009

_____
U.S.D.J.

BY FAX TO ALL PARTIES:
Timothy Duran
(408) 287-6075

Kevin Kiley
(516) 466-7903

Gary Domch
(718) 445-2520

3